UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA AND CECIL HYATT                    CIVIL ACTION

VERSUS                                     NO. 06-7162

STATE FARM INSURANCE CO.                   SECTION "C" (4)
AND BRIAN BUBRIG INS. AGENCY,
INC.

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs,

Barbara and Cecil Hyatt.   Having considered the record, the memoranda of counsel

and the law, the Court has determined that remand is appropriate for the following

reasons.

The plaintiffs' claims concern unpaid claims for hurricane damage under a

homeowner's policy issued by defendant State Farm Fire and Casualty Company

("State Farm") to the plaintiffs regarding their property  in Buras, Louisiana.[1] The

_____

[1]        There is no issue that State Farm's policy was initially issued on June 16,
1991, converted to a different type of policy on June 16, 2005,  more than one year prior
to filing suit in August 25, 2006.

plaintiffs claim that Brian R. Bubrig Insuance Agency, Inc. ("Bubrig"), a State Farm insurance agent, advised and recommended insurance to the plaintiffs and breached its fiduciary duty to the plaintiffs to provide and secure appropriate and adequate coverage by failing to properly advise the plaintiffs, failing to provide adequate homeowner's and flood coverage, failing to advise that excess flood insurance was available, failing to inform the plaintiffs of the policy limitations and exclusions, and underinsuring the plaintiffs. (Pet.  ¶ VLVII).

This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases such as this one.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co.,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

State Farm also argues that Bubrig, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.   "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one."  B., Inc. v.

<u>Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  <u>Ford v. Elsbury</u>, 32 F.3d 931, 935 (5th Cir. 1994).   This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.."  <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).   See also <u>Melder v. Allstate Corp</u>, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  <u>Smallwood</u>, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   <u>Id.</u>   "[T]he inability of the to make the requisite

decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

This Court has ruled on the scope of the fiduciary duty owed by an insurance agent. Fidelity, supra; Three X, L.L.C. v. Lexington Insurance Co., 2006 WL 3142276

(E.D.La.).   The Court finds that the plaintiffs have stated a claim against Bubrig with

regard to the advice and the procurement of the subject insurance for purposes of

improper joinder.

State Farm also argues that the claims against Bubrig have prescribed or are

preempted.  Actions against insurance agents accrued before the July 1991 effective date

of La. Rev. Stat. 9:5606A are governed by La. Civ. Code art. 3492, which provides for a

one year prescriptive period that "commences to run from the day injury or damage is

sustained."  Since the homeowner's policy was first issued in June 1991, it would

appear that the plaintiffs' claims for the denial of their hurricane claim would not be

prescribed until the damage actually occurred.  Dobson v. Allstate Insurance Co., 2006

WL 2078423 (E.D.La.)(J. Vance).    The alleged cause of the damage was Hurricane

Katrina, which made landfall on August29, 2005.  Suit was filed on August 25, 2006.

State Farm's alternative argument, that the June 16, 2005, date of the conversion

is determinative for prescription/preemption purposes, is likewise unavailing in light of

the plaintiffs' claim that they were unaware of the lack of coverage until after the storm.

The determination whether they should have been aware of the lack of coverage at an

earlier date is a fact-based one that is not susceptible to resolution on the issue of

improper joinder.[2]

The Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u>

<u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d

478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E.

Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction

is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal*

*Practice & Procedure: Civil*, §3739.[3]

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Barbara and

Cecil Hyatt is GRANTED.  (Rec. Doc. 6).   This matter is hereby REMANDED to the 25th

Judicial District Court for the Parish of Plaquemines, State of Louisiana, due to a lack of

subject matter jurisdiction under 28 U.S.C. § 1447(c).   State Farm has not established

---

[2]         This Court has previously recognized that renewals of insurance policies do not automatically restart preemption, but renewals can constitute separate conduct, if they are separate and distinct acts which give rise to immediately apparent damages. <u>Giardina v. Allstate Insurance Co.</u>, 2006 WL 3406743 (E.D.La.).   The relevant inquiry is whether the action of the agent at renewal can be construed as an act separate from the initial policy procurement.  <u>Id.</u>

[3]         The Court does not address the viability of State Farm's arguments regarding justifiable reliance, the claim for breach of contract against Bubrig, the existence of a fiduciary duty or whether the jurisdictional minimum existed at the time of removal.

that review under 28 U.S.C. § 1292(b) is available or appropriate.

New Orleans, Louisiana, this 17th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE